## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CHRISTOPHER J. RADZIEWICZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 23-805-JLH |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM OPINION

G. Kevin Fasic and Michael Kevin DeSantis, OFFIT KURMAN, P.A., Wilmington, Delaware; William E. Cassara, WILLIAM E. CASSARA, P.C., Evans, Georgia

    *Counsel for Plaintiff*

Eric John Sigley, U.S. DEPARTMENT OF JUSTICE – CIVIL DIVISION, Washington, DC; William Edward LaRosa, U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Wilmington, Delaware

    *Counsel for Defendant*

March 25, 2025
Wilmington, Delaware

**JENNIFER L. HALL, U.S. DISTRICT JUDGE**

## I. INTRODUCTION

Plaintiff is a former military reservist who asks for judicial review of a decision made by the Air Force Board for the Correction of Military Records. In particular, Plaintiff seeks review under the Administrative Procedure Act of the Board's decision denying Plaintiff's request to remove from his military record a nonjudicial punishment he received in 2018, as well as an Officer Performance Report that references the nonjudicial punishment and an Officer Performance Report that references an overdue fitness examination.

Pending before the Court are the parties' cross-motions for summary judgment. (D.I. 42, 43.) For the reasons stated below, Plaintiff's Motion for Summary Judgment (D.I. 43) will be DENIED, and Defendant's Cross-Motion for Summary Judgment (D.I. 42) will be GRANTED.

## II. BACKGROUND

Plaintiff Christopher J. Radziewicz was a Major in the U.S. Air Force Reserve until September 2020. In May 2017, Plaintiff's commanding officer opened an investigation into whether Plaintiff had engaged in sexual misconduct involving female subordinates. The Air Force Office of Special Investigations (AFOSI) interviewed many individuals, including two female subordinates who each stated that Plaintiff had shown her a picture of his penis on his phone. One of those female subordinates also stated that Plaintiff had touched her breast during an unwanted massage and had offered to let her watch him masturbate in his office. AFOSI's investigative activities were memorialized in a 15-page single-spaced investigative report. (AR69–84 (AFOSI report dated September 6, 2017).)

After the investigation, Plaintiff was notified that he would be offered a nonjudicial punishment proceeding pursuant to Article 15 of the Uniform Code of Military Justice (sometimes

2

referred to as an "Article 15" proceeding).[1] (AR2, 85–88, 199–202; *see also* D.I. 42 at Ex. 1.) Plaintiff was advised that he was alleged to have committed two counts of dereliction of duty (a violation of Article 92 of the UCMJ), two counts of cruelty and maltreatment (a violation of Article 93 of the UCMJ), and one count of fraternization (a violation of Article 134 of the UCMJ). (AR1–3, 85–88.) On March 27, 2018, after being notified of the alleged offenses and the evidence against him, and after consulting legal counsel, Plaintiff elected to waive his right to trial by court-martial and to agree to the nonjudicial punishment proceedings. (AR2, 85–88, 199–202.)

During the nonjudicial punishment proceedings, Plaintiff was represented by counsel and appeared personally before the commanding officer responsible for adjudicating the charges. (AR2–3, 85–88, 199–202.) Plaintiff also submitted a written response to the charges, in which he denied the allegations and contended that there were deficiencies in the evidence against him, including insufficient corroborating evidence and alleged inconsistencies in the victims' statements. (AR89–94.)

On April 14, 2018, Plaintiff's commanding officer determined that Plaintiff committed all of the offenses alleged: dereliction of duty in violation of Article 92 of the UCMJ by massaging a female subordinate's back and touching her breast and by offering to let her watch him masturbate, and by offering sex to another female subordinate; cruelty and maltreatment in violation of Article 93 of the UCMJ by showing a photograph of his penis to female subordinates; and fraternizing

---

[1] "The UCMJ provides four methods for disposing of cases involving offenses committed by servicemen: the general, special, and summary courts-martial, and disciplinary punishment administered by the commanding officer pursuant to Art[icle] 15 [of the] UCMJ, 10 U.S.C. § 815." *Middendorf v. Henry*, 425 U.S. 25, 31 (1976). Nonjudicial punishment proceedings under Article 15 allow a commanding officer to impose a disciplinary punishment without a court-martial and, notably, without the possibility of a criminal conviction. *See* 10 U.S.C. § 815; Air Force Instruction 51-202 ¶ 1.1 (D.I. 42 at Ex. 1). Acceptance of NJP is a choice of forum and is not an admission of guilt. *See* Air Force Instruction 51-202 ¶ 3.12.

3

with enlisted subordinates in violation of Article 134 of the UCMJ. (AR3; AR199–202.) Plaintiff's commanding officer imposed a punishment of "[f]orfeiture of $519.00 pay per month for two months" and "reprimand." (AR202.)

On April 23, 2018, Plaintiff filed an appeal and included a written submission. (AR3.) On January 6, 2019, Plaintiff's commanding officer granted the appeal in part by "lining through" one of the Article 92 charges, but he denied Plaintiff's appeal on the rest of the charges. (AR3, 200, 202.) The commanding officer then forwarded Plaintiff's appeal to the appellate authority (Commander of Air Force Reserve Command), who denied the appeal on April 16, 2019. (AR3, 202.)

Meanwhile, on June 6, 2017, Plaintiff received a "referred" officer performance report ("OPR"), stating that Plaintiff was "non-current on [his] Fitness Assessment."[2] (AR49–50.) According to Plaintiff, the referred OPR prevented him from being recommended for promotion. (AR13.) Then, on September 15, 2018, Plaintiff received a second referred OPR because of the nonjudicial punishment described above. (AR203–204.) According to Plaintiff, the second referred OPR prevented him from being recommended for promotion. (AR198.) On August 19, 2019, Plaintiff received notice that, pursuant to 10 U.S.C. § 14506, he would be administratively discharged from the Air Force Reserves on September 1, 2020, due to his two-time non-promotion. (AR198.)

---

[2] OPRs are used to "document performance and potential as well as provide information for making a promotion recommendation . . . [or] involuntary separation." Air Force Instruction 36-2406 ¶ 3.2. An OPR "must be referred" if it contains comments that are "derogatory in nature, imply or refer to behavior incompatible with or not meeting [Air Force] standards, and/or refer to disciplinary actions." *Id.* ¶ 1.11.3. The referral process "allow[s] [servicemembers] due process by giving [them] an opportunity to respond." *Id.* ¶ 1.11.1.

4

On January 7, 2020, Plaintiff filed a petition with the Air Force Board for the Correction of Military Records ("AFBCMR") requesting these corrections in his military record: "removal of Non-Judicial Punishment pursuant to Article 15"; "removal and replacement of a referral OPR"; and "the opportunity to be selected for command and to be promoted with [his] peers." (AR8–9.) *See* 10 U.S.C. § 1552(a)(1) (providing that the Secretary of a military department may correct a military record when "the Secretary considers it necessary to correct an error or remove an injustice"); 32 C.F.R. § 865.4(l). In the brief accompanying his petition, Plaintiff made a scattershot of arguments: that there was insufficient evidence against him to prove the accusations beyond a reasonable doubt; that the record contained hearsay and insufficiently corroborated evidence; that his command had failed to take into account that the victims were inconsistent in their allegations, had a motivation to lie, and were otherwise not credible (including because they waited a year after the misconduct to make the allegations); that "the NJP process" was "inaccurately perceived and applied as nothing more than a formality with a predetermined outcome"; and that Plaintiff's due process rights were violated due to the delay in adjudicating his appeal from the nonjudicial punishment. (AR10–19.) Plaintiff also submitted many attachments to his petition, including documents demonstrating his military accomplishments and character references. (AR8–197 (petition and attachments).)

On June 8, 2020, the Air Force Reserve Command Judge Advocate (AFRC/JA) issued an advisory opinion recommending that the AFBCMR deny Plaintiff's request for correction of his military records. (AR238–40.) The AFRC/JA opinion acknowledged Plaintiff's complaints about the sufficiency of the evidence against him, but it explained that, in accordance with the guidance set forth in Air Force Instruction 51-202 (March 31, 2015), "no specific standard of proof applies to NJP proceedings, including appeals." (*Id.*; *see also* D.I. 41, Ex. 1 ¶ 3.4.) The AFRC/JA advisory

opinion also concluded that the delay in processing Plaintiff's appeal from the nonjudicial punishment proceedings did not violate Plaintiff's right to due process, and that Plaintiff received due process because he was represented by counsel and was afforded an adequate opportunity to decide whether to agree to the nonjudicial punishment proceedings or demand a trial by court-martial. (AR238–240.)

Plaintiff filed with the AFBCMR a response to the AFCRA/JA's advisory opinion on September 10, 2020. (AR242–251.) Plaintiff's response contained another scattershot of arguments, which Plaintiff put into three categories: the AFRC/JA opinion failed to assess Plaintiff's arguments about the deficiencies in the evidence against him; the opinion failed to consider that the command erroneously believed agreement to nonjudicial punishment "is the equivalent of an admission of guilt"; and the opinion failed to address "the injustice and unfairness" of the delay in resolving Plaintiff's appeal. (*Id.*)

On February 21, 2021, the AFBCMR issued a written decision denying Plaintiff's petition to correct his military records. (AR1–7.) The written decision acknowledged the arguments made in Plaintiff's submissions—including his arguments about the sufficiency of the evidence, his argument that the command treated his agreement to the nonjudicial punishment proceedings as an admission of guilt, and his argument about the delay in resolving his appeal. (AR1, 4.) The AFBCMR nevertheless concluded, "[a]fter reviewing all Exhibits," that "a preponderance of the evidence does not substantiate the applicant's contentions." (AR5.) It explained, among other things, that "the applicant chose to accept NJP" and that "[a]lthough there was a significant delaying processing the applicant's NJP after he made his decision to appeal, the punishment decision was within the commander's discretion and the applicant was afforded all of his due

6

process rights." (*Id.*) It thus concluded that "the evidence did not demonstrate material error or injustice," as required for relief. (*Id.*)

On January 21, 2022, Plaintiff sued the government in the United States Court of Federal Claims, seeking review of the AFBCMR's decision. The Court of Federal Claims dismissed Plaintiff's claim for monetary relief, but it transferred his request for non-monetary relief to this Court. (D.I. 23.) On January 9, 2024, the case was reassigned to me.

### III. LEGAL STANDARDS

Pursuant to 10 U.S.C. § 1552(a)(1), the Secretary of a military department can correct a military record "when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 865.4(l) (AFBCMR acts for the Secretary of the Airforce when it denies an application); *see also* 32 C.F.R. Pt. 865, Subpt. A (regulations governing AFBCMR proceedings). Decisions of the ABCMR are final agency actions subject to judicial review under the APA. *Neal v. Sec'y of the Navy,* 639 F.2d 1029, 1037 (3d Cir.1981). "[W]hen a party seeks review of an agency action under the APA, the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). In this posture, "[t]he entire case on review is a question of law." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

In this case, Plaintiff contends that the AFBCMR's decision should be set aside under the APA because it was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. *See* 5 U.S.C. § 706(2)(A), (E) ("A reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [or] . . . unsupported by substantial evidence . . . ." ). Because 10 U.S.C. § 1552(a)(1) gives broad discretion to the Secretary to correct a military record

"when the Secretary considers it necessary," courts review decisions by military correction boards under "an unusually deferential application of the 'arbitrary and capricious' standard" of the APA. *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). "This deferential standard is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (citing *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953) ("Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.")). The "substantial evidence" standard of the APA "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

## IV.  DISCUSSION

The Court first addresses Plaintiff's argument that the AFBCMR's decision was arbitrary and capricious and not in accordance with the law because it failed to conclude that Plaintiff's command applied the wrong burden of proof in the nonjudicial punishment proceedings. Plaintiff is wrong. As the AFBCMR accurately pointed out, at the time of Plaintiff's nonjudicial punishment proceedings, there was "no specific standard of proof [that] applies to NJP proceedings." (AR2; D.I. 42, Ex. 1 ¶ 3.4.[3]) Although Plaintiff's argument to this Court about the applicable burden of proof is unclear, he seems to contend that the AFBCMR erroneously failed to consider whether the command erred in instituting nonjudicial punishment proceedings in the

---

[3] Air Force Instruction 51-202 has since been revised to adopt a preponderance of the evidence burden of proof for the imposition of nonjudicial punishment.

8

first place because there was a lack of evidence proving Plaintiff's guilt beyond a reasonable doubt. I disagree that the AFBCMR erred. The AFBCMR adequately addressed that argument when it pointed out that Plaintiff "chose" to proceed with the nonjudicial punishment proceedings "[a]fter consultation with legal counsel," and thereby waived his right to have his guilt proved beyond a reasonable doubt in a court-martial proceeding. (AR5.)

Plaintiff next contends that the Board's decision was arbitrary and capricious and not in accordance with the law "because it failed to address nearly all of Plaintiff's claims." (D.I. 45, Plaintiff's Br, at 13.) I disagree. The AFBCMR's written decision accurately summarized Plaintiff's arguments, and the AFBCMR explained that it had reviewed the entire record before reaching its conclusion that "a preponderance of the evidence d[id] not substantiate the [Plaintiff's] contentions." (AR5.) If Plaintiff suggests that AFBCMR needed to individually assess each point he raised about the evidence against him, Plaintiff is incorrect. The administrative record contains substantial evidence—in the form of direct witness testimony—that Plaintiff had committed the misconduct with which he was charged. Under these circumstances, the AFBCMR's finding "[a]fter reviewing all Exhibits" that "the punishment decision was within [Plaintiff's] commander's discretion" was more than enough to explain the AFBCMR's reasoning in rejecting Plaintiff's arguments about the sufficiency of the evidence. (AR5.) *Cf. Washington v. Donley*, 802 F. Supp. 2d 539, 549 (D. Del. 2011) ("The Board is not required to spell out the minutiae of its logic in reaching a decision; it is sufficient if there is enough evidence to allow the Court to discern how the Board reached its decision."); *see also Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974) (explaining that courts "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned").

To be clear, it is not the role of this Court to reweigh the evidence and decide Plaintiff's guilt in the first instance. And the Court cannot set aside an agency's decision based on how it views the evidence. *Oughton v. NLRB*, 118 F.2d 486, 488 (3d Cir. 1941) ("It is not the function of the court to determine from the confusion of conflicting testimony where the truth lies."). As there is substantial evidence in the record supporting the command's discretionary decision that Plaintiff committed misconduct, and there is substantial evidence supporting the AFBCMR's determination that the command therefore acted within its discretion when it found him guilty and imposed punishment, there is no basis for the Court to set aside the AFBCMR's findings.

Plaintiff argues that the AFBCMR failed to address his argument that the Air Force treated his agreement to nonjudicial punishment proceedings as an admission of guilt. I disagree. The AFBCMR decision acknowledges that Plaintiff made that argument. (AR4.) And given Plaintiff's failure (before the AFBCMR and this Court) to point to anything the administrative record suggesting that the officers responsible for presiding over Plaintiff's nonjudicial punishment proceedings treated his agreement to the proceedings as an admission of guilt, there is no basis to set aside the AFBCMR's conclusion that "a preponderance of the evidence does not substantiate [Plaintiff's] contention[]." (AR5.)

Plaintiff contends that his command violated Air Force guidance requiring prompt resolution of appeals from nonjudicial punishment proceedings. But the AFBCMR considered Plaintiff's argument about his command's delay in resolving his appeal, and it concluded that the delay did not prejudice Plaintiff. (AR3.) Plaintiff hasn't articulated to this Court why the AFBCMR was wrong. Nor has he articulated for this Court how the delay could have possibly prejudiced him, as the AFBCMR independently concluded that he was not entitled to have the nonjudicial punishment removed from his records.

Finally, Plaintiff contends that the AFBCMR failed to adequately address his request to remove two referred OPRs from his record. As an initial matter, Plaintiff presented this argument to the Court in the section of his brief titled "The AFBCMR's Decision Was Contrary to Regulation" (D.I. 45 at 20), but Plaintiff's brief identifies no regulation that was purportedly violated by the Board. Nor has Plaintiff explained why the AFBCMR needed to independently address Plaintiff's request to remove an OPR referencing the nonjudicial punishment from his military record, given the AFBCMR's determination that the nonjudicial punishment itself should remain in Plaintiff's record.

As for Plaintiff's contention that the AFBCMR failed to address his argument to remove an OPR referencing an overdue fitness exam, the AFBCMR's written decision refers to Plaintiff's request that it be removed, but it ultimately concluded that Plaintiff failed to demonstrate that he was a victim of an error or injustice. While the AFBCMR did not assess with any specificity the request to remove the OPR referencing the fitness exam, "the Board is not required to address frivolous arguments," *Manning v. Fanning*, 211 F. Supp. 3d 129, 141 (D.D.C. 2016). Plaintiff concedes that he was overdue for the fitness exam and that his commander had discretion under Air Force Instruction 36-2406 to reference it in Plaintiff's OPR. (D.I. 45 at 23–24.)

## V.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (D.I. 43) will be DENIED, and Defendant's Cross-Motion for Summary Judgment (D.I. 42) will be GRANTED. An appropriate order will be issued.